IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

YVONNE HODGES D/B/A/
WILLIAMS & HERRING FUNERAL HOME                                          PLAINTIFF

VS.                                                                                      No. 1:05CV161-D-A

EMPLOYERS MUTUAL CASUALTY COMPANY                                 DEFENDANT


OPINION GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendant's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted in part and denied in part.

*A. Factual Background*

The Plaintiff initiated this breach of contract action on May 24, 2005, in the Circuit Court of Winston County, Mississippi. The Plaintiff is the owner of Williams and Herring Funeral Home in Louisville, Mississippi. The Plaintiff took over the business from her mother in the mid 1990s. In 1997, Walter Gardner of Gardner Beatty Associates Insurance Agency solicited Williams & Herring Funeral Home to obtain a business commercial policy. Gardner Beatty was an independent insurance agency located in Newton, Mississippi. The business commercial policy was first placed through USF&G. Around the year 2000, St. Paul Insurance Company purchased USF&G and the business commercial policy. That policy remained with St. Paul until 2003 when Gardner wrote a Businessowners policy and a commercial umbrella policy with Employers Mutual Casualty Company ("EMC").

The Businessowners Policy written by EMC provided coverage for acts of "employee dishonesty." However, the policy excludes coverage for losses that occur after the insured knows

that an employee has committed dishonest acts. The Businessowners policy also provides coverage for certain losses relating to accounts receivable. However, that policy excludes coverage for loss or damage relating to accounts receivable that arise from dishonest acts, including dishonest acts committed by employees.

Williams & Herring employed Bessie M. Love as its office manager in 2000. As part of her duties, Love was responsible for preparing insurance reports and sending insurance monies and reports to the insurance companies that had policies with Williams & Herring's clients. Through a series of unlawful acts, Williams & Herring incurred or will incur $262,582.00 in losses. On December 9, 2004, the Plaintiff, through the insurance agent, submitted a claim requesting reimbursement for her losses. EMC denied the Plaintiff's claims based on its allegation that Hodges had knowledge of Love's prior dishonest acts. These alleged dishonest acts occurred over twenty years before the most recent acts.

On May 24, 2005, Hodges filed her complaint against EMC seeking to recover for the losses allegedly caused by Love. The Defendant now moves this Court to grant it summary judgment on all of Plaintiff's claims. The Defendant states that EMC was correct in denying Hodges' claim for reimbursement because she was aware of Love's previous dishonest acts and was excluded from recovery under the policy. In addition, the Defendant states that Hodges is a sophisticated business woman, and asserts that she had a duty to read her policy and is responsible for having knowledge of all of the exclusions. Second, the Defendant claims that any employee dishonesty is excluded from recovery on losses to the Plaintiff's accounts receivable. The Defendant states that the Plaintiff has acknowledged she suffered no loss on her accounts receivable records. Finally, the Defendant alleges that it is not responsible for Plaintiff's attorney's fees associated with contesting Love's claims for unemployment benefits.

The Plaintiff responds that she never received a copy of her policies from EMC and never signed the application for such policies. The Plaintiff states that without the policies she could not have known of the exclusions under the insurance policies. In addition, the Plaintiff argues that insurance companies, through agents, are required to deliver the policy to the insured. Second, the Plaintiff concedes that she does not seek coverage under the accounts receivable provision of the businessowners policy and does not object to dismissing that claim. Finally, the Plaintiff argues that there is no exclusion for attorney's fees under the loss provisions of her policies.

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing . . . that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

## C. Discussion

### 1. Accounts Receivable Records Claim

The businessowners policy clearly excludes coverage for loss or damage to one's accounts receivable when the reason for that loss or damages arises from dishonesty, including employee dishonesty. The Plaintiff conceded that she is not seeking damages under the accounts receivable provision under the policy. Thus, no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law.

### 2. All Other Claims

The court finds that genuine issues of material fact exist, and that the Defendant has failed to show that it is entitled to judgment as a matter of law. Further, the court has the discretion, which it exercises here, to allow the Plaintiff's claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). Thus, the Defendants' motion for summary judgment is denied as to the Plaintiff's claims for loss under the businessowners policy and the Plaintiff's claim for reimbursement of attorney's fees.

## D. Conclusion

In sum, the Court finds that the Defendant is entitled to summary judgment on Plaintiff's claim for loss on her accounts receivable. The plain language of the insurance policy excludes coverage for acts of dishonesty. The Court will grant the Defendant judgment as a matter of law on that claim. As to all other claims the Court finds that genuine issues of material fact exist and that summary judgment is denied.

A separate order in accordance with this opinion shall issue this day.

This the 17th day of July 2006.

/s/ Glen H. Davidson  
Chief Judge